EDWIN BULL and SMITH CADY, of the Town of Sullivan, Madison County, New York, S. PERRY SMITH and ELLEN T. SMITH, of Morrisville, New York, ROMAIN D. BUTTON and EMMA F. BUTTON, of the Town of Sullivan, Madison County, New York, Respondents.— Motion by defendant-appellants Conley and Ryan for leave to withdraw appeals granted, with forty dollars costs, payable by the defendant-appellants Conley and Ryan to the plaintiff-respondents. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of EVA GIBBS, Respondent, against JOSEPH J. BALL, INC., Appellant, and GREAT AMERICAN INDEMNITY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of JULIAN KNUDSTAD, Respondent, against EMIGRANT INDUSTRIAL SAVINGS BANK, Alleged Employer; THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of Mrs. DELIA LANPHIER, Respondent, against AIR PREHEATER CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANCES RIBAUDO, Respondent, against NATIONAL WORSTED MILLS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of EDWARD FOSTER, Respondent, against GILLINDER BROS., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; McNamee, J., votes to deny motion for reargument, but votes to grant the motion for leave to appeal to the Court of Appeals on the ground that inguinal hernia is not an occupational disease associated with the occupation of a glass-worker.

In the Matter of the Claim of VERONICA ROBBINS and Others, Respondents, against ENTERPRISE OIL CO., INC., and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. The motions are denied on the further ground of failure to comply with rule 16 of the Rules of this Court. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of SOL TUBIS, an Incompetent, by SAMUEL TUBIS, Appellant, against H. WEADERHORN, INC., and FIREMAN'S FUND INDEMNITY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Hill, P. J., Rhodes, McNamee and Heffernan, JJ., concur; Bliss, J., dissents and votes to grant the motion.

In the Matter of the Claim of LESLIE BROTHERS, Respondent, against HARRY STOCKFELD, Doing Business as NICKEL & CHROMIUM PRODUCTS Co., Appellant.

STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. The motions are denied on the further ground of failure to comply with rule 16 of the Rules of this Court. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of ADOLPHUS CORT, Respondent, against EMERSON HOTEL and THE GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRED LAIS, Respondent, against ISAAC GOLDMANN COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of RUTH SEERMAN, Respondent, against LUSTIG & WEIL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANNA SULLIVAN, Respondent, against B. T WOODLE, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. The motion is denied on the further ground of failure to comply with rule 16 of the Rules of this Court. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

LAND ASSOCIATES CORPORATION, Appellant, v. GRAND UNION STORES, INC., Respondent, and FEDERAL BAKE SHOP, INC., and Another, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. The motions are denied on the further ground of failure to comply with rule 16 of the Rules of this Court. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

FIRST NATIONAL BANK OF GLENS FALLS, N. Y., Respondent, v. SAMUEL HEMLEY, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

## (January 14, 1938.)

WILLIAM E. WOOLLARD, Appellant, v. SCHAFFER STORES COMPANY, INC., Respondent, and Another, Defendant.

Appeal by the plaintiff from an order of the Supreme Court, entered in the Albany county clerk's office on May 19, 1937.

Respondent heretofore appealed from a judgment of about $6,400 which had been recovered against it, and requested this appellant to waive the filing of an undertaking to stay execution, and offered in lieu thereof to leave with appellant a certified check for the sum mentioned, payable to appellant. The appellant cashed the check and kept the proceeds in a safe deposit box. The Court of Appeals reduced the judgment. The amount thereof was paid by the respondent. The Special Term decided that the cashing of the check was a conversion of the fund and directed the payment of the deposit, with interest. The order should be modified by striking therefrom the provision as to interest.